**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| TRACIE EDWARDS, | ) |
|       Plaintiff, | ) |
| v. | ) |
| ATLANTIC DISCOUNT CORPORATION D/B/A ATLANTIC FINANCIAL SERVICES, CREDIT ONE BANK, N.A., and EQUIFAX INFORMATION SERVICES, LLC, | ) Case No.: 2:19-cv-00228-HCM-DEM |
|       Defendants. | ) |

**DEFENDANT ATLANTIC DISCOUNT CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Atlantic Discount Corporation d/b/a Atlantic Financial Services ("Atlantic") answers the Complaint filed by Plaintiff Tracie Edwards ("Plaintiff") as follows:

**GENERAL DENIAL**

Except as otherwise stated herein, Atlantic denies (i) each and every allegation in the Complaint, including without limitation any allegations contained in the headings, subheadings, and footnotes of the Complaint; and (ii) any liability to Plaintiff.

1. Paragraph 1 is a legal conclusion to which no response is required. To the extent a response is required, the allegations in Paragraph 1 are denied.

2. Paragraph 2 is a legal conclusion to which no response is required. To the extent a response is required, the allegations in Paragraph 2 are denied.

3. Paragraph 3 is a legal conclusion to which no response is required. To the extent a response is required, the allegations in Paragraph 3 are denied.

4. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 4 and therefore denies them on that basis.

5. Paragraph 5 is a legal conclusion to which no response is required. To the extent a response is required, the allegations in Paragraph 5 are denied.

6. Paragraph 6 is a legal conclusion to which no response is required. To the extent a response is required, the allegations in Paragraph 6 are denied.

7. Paragraph 7 is a legal conclusion to which no response is required. To the extent a response is required, the allegations in Paragraph 7 are denied.

8. Paragraph 8 is a legal conclusion to which no response is required. To the extent a response is required, the allegations in Paragraph 8 are denied.

9. Paragraph 9 is a legal conclusion to which no response is required. To the extent a response is required, the allegations in Paragraph 9 are denied.

10. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 10 and therefore denies them on that basis.

11. Atlantic admits the allegations in Paragraph 11.

12. Atlantic admits the allegations in Paragraph 12.

13. Atlantic admits the allegations in Paragraph 13.

14. Atlantic admits the allegations in Paragraph 14.

15. Atlantic admits the allegations in Paragraph 15.

16. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 16 and therefore denies them on that basis.

17. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 17 and therefore denies them on that basis.

18. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 18 and therefore denies them on that basis.

19. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 19 and therefore denies them on that basis.

20. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 20 and therefore denies them on that basis.

21. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 21 and therefore denies them on that basis.

22. Paragraph 22 is a legal conclusion to which no response is required. To the extent a response is required, the allegations in Paragraph 22 are denied.

23. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 23 and therefore denies them on that basis.

24. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 24 and therefore denies them on that basis.

25. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 25 and therefore denies them on that basis.

26. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 26 and therefore denies them on that basis.

27. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 27 and therefore denies them on that basis.

28. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 28 and therefore denies them on that basis.

29. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 29 and therefore denies them on that basis.

30. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 30 and therefore denies them on that basis.

31. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 31 and therefore denies them on that basis.

32. Atlantic denies the allegations in Paragraph 32.

33. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 33 and therefore denies them on that basis.

34. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 34 and therefore denies them on that basis.

35. Atlantic denies the allegations in Paragraph 35.

36. Atlantic denies the allegations in Paragraph 36.

37. Atlantic denies the allegations in Paragraph 37.

38. Atlantic incorporates its responses to Paragraph 1-37.

39. Paragraph 39 is a legal conclusion to which no response is required. To the extent a response is required, the allegations in Paragraph 39 are denied.

40. Atlantic denies the allegations in Paragraph 40.

41. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 41 and therefore denies them on that basis.

42. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 42 and therefore denies them on that basis.

43. Paragraph 43 is a legal conclusion to which no response is required. To the extent a response is required, the allegations in Paragraph 43 are denied.

44. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 44 and therefore denies them on that basis.

45. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 45 and therefore denies them on that basis.

46. Atlantic denies the allegations in Paragraph 46.

47. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 47 and therefore denies them on that basis.

48. Atlantic denies the allegations in Paragraph 48.

49. Atlantic states that the FCRA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Atlantic denies the allegations in Paragraph 49.

50. Atlantic denies the allegations in Paragraph 50.

51. Atlantic denies the allegations in Paragraph 51.

52. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 52 and therefore denies them on that basis.

53. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 53 and therefore denies them on that basis.

54. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 54 and therefore denies them on that basis.

55. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 55 and therefore denies them on that basis.

56. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 56 and therefore denies them on that basis.

57. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 57 and therefore denies them on that basis.

58. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 58 and therefore denies them on that basis.

59. Paragraph 59 is a legal conclusion to which no response is required. To the extent a response is required, the allegations in Paragraph 59 are denied.

60. Atlantic denies the allegations in Paragraph 60.

61. Atlantic denies the allegations in Paragraph 61.

62. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 62 and therefore denies them on that basis.

63. Atlantic denies the allegations in Paragraph 63.

64. Atlantic denies the allegations in Paragraph 64.

65. Atlantic denies the allegations in Paragraph 65.

66. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 66 and therefore denies them on that basis.

67. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 67 and therefore denies them on that basis.

68. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 68 and therefore denies them on that basis.

69. Atlantic denies the allegations in Paragraph 69.

70. Atlantic denies the allegations in Paragraph 70.

71. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 71 and therefore denies them on that basis.

72. Atlantic is without sufficient information to admit or deny the allegations contained in Paragraph 72 and therefore denies them on that basis.

73. Atlantic denies the allegations in Paragraph 73.

74. Atlantic denies the allegations in Paragraph 74.

75. Atlantic denies the allegations in Paragraph 75.

76. Atlantic denies the allegations in Paragraph 76.

77. Atlantic admits that Plaintiff has demanded a trial by jury.

78. Atlantic denies that Plaintiff is entitled to any relief sought in this Complaint.

## **DEFENSES**

As additional defenses to the Complaint, and without suggesting or conceding that it has the burden of proof on any such defenses, Atlantic alleges as follows:

1. Plaintiff's Complaint fails to state a claim on which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

3. Plaintiff's claims are barred in whole or in part by the statute of limitations.

4. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

5. Defendant violated no legal duty with respect to Plaintiff.

6. Plaintiff's claims are barred in whole or in part because Plaintiff sustained no damages.

7. Plaintiff's claims are barred in whole or in part because Plaintiff suffered no injury.

8. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate damages.

9. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Atlantic hereby demands a trial by jury for all issues triable to a jury.

**ADDITIONAL DEFENSES**

To the extent Atlantic may have additional defenses available that are not fully known and of which Atlantic is not presently aware, Atlantic reserves the right to raise and assert additional defenses (and counterclaims including malicious prosecution and abuse of process) or seek sanctions against Plaintiff and/or its counsel for filing a frivolous lawsuit when they are ascertained.

WHEREFORE, Atlantic respectfully requests the Court enter an Order:

a. Dismissing Plaintiff's Complaint in its entirety with prejudice;

b. Entering judgment in Atlantic's favor;

c. Awarding Atlantic its fees and costs incurred since the commencement of this litigation;

d. Awarding any other relief the Court deems just and proper.

Dated: June 18, 2019                                        Respectfully submitted,

/s/ J. Benjamin Rottenborn
J. Benjamin Rottenborn (VSB # 84796)
J. Walton Milam III. (VSB #89406)
WOODS ROGERS PLC
10 S. Jefferson St., Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7540
Fax: (540) 983-7711
brottenborn@woodsrogers.com
wmilam@woodsrogers.com

*Counsel for Defendant Atlantic Discount Corporation*

## CERTIFICATE OF SERVICE

I certify that on this 18th day of June, 2019, a copy of the foregoing was filed via CM/ECF, which will send a notification of such filing to all counsel of record.

/s/ J. Benjamin Rottenborn